# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF CALIFORNIA
# CIVIL MINUTES

| | | | |
|---|---|---|---|
| **Case Title :** | Joe Franklin Morrow and Gail Denise Morrow | **Case No :** | 10−20920 − A − 7 |
| | | **Date :** | 4/12/10 |
| | | **Time :** | 09:00 |
| **Matter :** | [12] − Motion/Application for Relief from Stay [PPR−1] Filed by Creditor U.S. Bank, N.A. (Fee Paid $150) (lars) | | UNOPPOSED |
| **Judge :** | Michael S. McManus | | |
| **Courtroom Deputy :** | Sarah Head | | |
| **Reporter :** | NOT RECORDED | | |
| **Department :** | A | | |

**APPEARANCES for :**
**Movant(s) :**
None
**Respondent(s) :**
None

MOTION was :
Granted
See final ruling below.

ORDER TO BE PREPARED BY :   Movant(s)

Final Ruling: This motion for relief from the automatic stay has been set for hearing on the notice required by Local Bankruptcy Rule 9014−1(f)(1). The failure of the debtor and the trustee, to file written opposition at least 14 days prior to the hearing as required by Local Bankruptcy Rule 9014−1(f)(1)(ii) is considered as consent to the granting of the motion. Cf. Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995). Further, because the court will not materially alter the relief requested by the moving party, an actual hearing is unnecessary. See Boone v. Burk (In re Eliapo), 468 F.3d 592 (9th Cir. 2006). Therefore, the defaults of the above−mentioned parties in interest are entered and the matter will be resolved without oral argument.

The motion will be granted.

The movant, U.S. Bank, seeks relief from the automatic stay as to a real property in Marysville, California. The property has a value of $39,000 and it is encumbered by claims totaling approximately $120,425. The movant's deed is in first priority position and secures a claim of approximately $114,425.

The court concludes that there is no equity in the property and there is no evidence that it is necessary to a reorganization or that the trustee can administer it for the benefit of creditors. The court also notes that the trustee filed a report of no distribution on February 24, 2010. And, in the statement of intention, the debtor has indicated an intent to surrender the property.

Thus, the motion will be granted pursuant to 11 U.S.C. § 362(d)(2) to permit the movant to conduct a nonjudicial foreclosure sale and to obtain possession of the subject property following sale. No other relief is awarded.

The court determines that this bankruptcy proceeding has been finalized for purposes of Cal. Civil Code § 2923.5 and the enforcement of the note and deed of trust described in the motion against the subject real property. Further, upon entry of the order granting relief from the automatic stay, the movant and its successors, assigns, principals, and agents shall comply with Cal. Civil Code § 2923.52 et seq., the

California Foreclosure Prevention Act, to the extent it is otherwise applicable.

Because the movant has not established that the value of its collateral exceeds the amount of its secured claim, the court awards no fees and costs in connection with the movant's secured claim as a result of the filing and prosecution of this motion. 11 U.S.C. § 506(b).

The 14−day stay of Fed. R. Bankr. P. 4001(a)(3) is not waived. That period, however, shall run concurrently with the 7−day period specified in Cal. Civ. Code § 2924g(d) to the extent section 2924g(d) is applicable to orders terminating the automatic stay.